## JAS. T. HAMPTON *v.* FRANCIS LASHLEY.

[Abstract Kentucky Law Reporter, Vol. 4—613.]

**Presumption on Appeal.**

> When a power of attorney and a deed from the attorney in fact are
> rejected as evidence in the trial court, and are not made a part of
> the record on appeal, the Court of Appeals will presume that their
> exclusion was proper and that the court did not err by excluding
> them.

APPEAL FROM EDMONSON COURT OF COMMON PLEAS.

January 4, 1883.

OPINION BY JUDGE HARGIS:

The power of attorney to James Lashwell and the deed from him
as attorney in fact of P. F. Jones to Wm. B. Hampton do not
appear in the transcript certified to this court. As they constitute
a link in the chain of appellant's title, he could not recover in the
action without their production.

They were rejected by the court as evidence, but whether prop-
erly or not we are unable to determine; but the law presumes in
the absence of the alleged power and deed that they were properly
rejected and that the action of the court was correct, and we are
therefore constrained to presume that there was no error in their
exclusion. Of course the deeds from Wm. B. Hampton and his
vendees down to the appellant were properly excluded, if, as we
have seen, the power of attorney and deed to Wm. B. Hampton
in pursuance of it were illegal and incompetent evidence.

The peremptory instruction, as the record appears before us, was
rightly given and the judgment is therefore *affirmed*. The transcript
is so defectively made that we are compelled to condemn it and
so order.

*J. H. Hinton, for appellant.*
*Edwards & Smith, for appellee.*